IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RUBY KINNEY INDIVIDUALLY AND | ) | |
| JEANETTE CURRY IN HER CAPACITY | ) | |
| AS ATTORNEY-IN-FACT AND NEXT | ) | |
| FRIEND OF RUBY KINNEY | ) | |
| | ) | |
|     Plaintiff, | ) | Civil Action No.: 17-159 |
| vs. | ) | |
| | ) | |
| SSC SELMA OPERATING COMPANY, LLC | ) | |
| AND FICTICIOUS PARTY DEFENDANTS A, | ) | |
| B, C, and D | ) | |
| | ) | |
|     Defendants. | ) | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant, SSC Selma Operating Company LLC d/b/a Warren Manor Health and Rehabilitation Center ("Warren Manor"), hereby gives notice of the removal of the above entitled action, which is filed as Civil Action Number: 27-CV-2017-900032 in the Circuit Court of Dallas County, Alabama, from said court to the United States District Court for the Southern District of Alabama. Defendant gives this Notice without in any way waiving and specifically preserving any defenses related to the dismissal of any party. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## CIVIL ACTION REMOVED

1.      Civil Action Number 27-CV-2017-900032 in the Circuit Court of Dallas County, Alabama, which is styled *Ruby Kinney individually and Jeanette Curry in her capacity as attorney-in-fact and next of friend of Ruby Kinney v. SSC Selma Operating Company LLC, and Fictitious Party Defendants A, B, C, and D,* is a civil action that was filed on February 17, 2017. The Plaintiff alleges that the Defendant committed medical negligence while providing care to Ruby Kinney

while she was a resident at the nursing home, Warren Manor. *See Complaint* attached as **Exhibit A**.

## DIVERSITY OF CITIZENSHIP

2.      The Plaintiff alleges that she is a citizen of Dallas County, Alabama. *See* Exhibit A.

3.      Plaintiff admits that Warren Manor is a "foreign limited liability company existing and doing business pursuant to the state laws of the state of Alabama. *See* Exhibit A.

4.      Moreover, at the operative time period identified in the Complaint the residencies of the Defendant are as follows: SSC Selma Operating Company LLC's sole member is Alabama Holdco, LLC, a Delaware limited liability company. The sole member of Alabama Holdco, LLC is SSC Equity Holdings, LLC, also a Delaware limited liability company. The sole member of SSC Equity Holdings, LLC is Master Tenant Parent Holdco, LLC, a Delaware limited liability company. The sole member of Master Tenant Parent Holdco, LLC is SavaSeniorCare, LLC, also a Delaware limited liability company.  The sole member of SavaSeniorCare, LLC is Proto Equity Holdings, LLC, a Delaware limited liability company.  The sole member of Proto Equity Holdings, LLC is Terpax, Inc., a Delaware corporation.

6.      An LLC is a citizen of every state in which one of its members is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004); *See also*, *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)("All federal appellate courts that have addressed the issue have reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the

citizenship of all of its members."). SSC Selma Operating Company LLC was a citizen of Delaware making it diverse from the Plaintiff.[1]

7.      The Plaintiff is a resident of Alabama, and the only Defendant is not a resident of Alabama. Therefore, there is complete diversity of citizenship between the parties as defined by 28 U.S.C. § 1332(a)(1).

## FACTS AND CONTROVERSY SUPPORTING JURISDICTIONAL AMOUNT

8.      The Plaintiff's Complaint alleges medical negligence on the part of Warren Manor, and seeks compensation for the Plaintiff's physical injuries, including, pressure sores, infections, neglect, pain and suffering, and any other damages allowed under Alabama Law. *See* Exhibit A. Moreover, Plaintiff requests punitive damages. *Id*.

9.      Although the Complaint seeks an undisclosed amount of damages, the clear wording of the Complaint and the fact that the Plaintiff seeks punitive damages, establishes that the amount in controversy exceeds $75,000, exclusive of cost and interests. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

10.     Accordingly, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states, wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## TIMELINESS OF REMOVAL

---

[1] Fictitious defendants are disregarded for purposes of diversity jurisdiction. E.G., Walker v. CSX Transp., Inc., 650 F.3d 1392, 1395 at n. 11 (11th Cir. 2011) (discussing 28 U.S.C. § 1441(a) which provides: "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded."). Therefore, any fictitious defendants named in this case have no bearing on this Court's diversity jurisdiction.

11.     The Defendant was served with process on March 20, 2017. Therefore, thirty days have not elapsed since the removing Defendant was served with process or first became aware that federal jurisdiction exists, and Defendant's removal is timely as required by 28 U.S.C. § 1446(b).

## COPIES OF STATE COURT PROCEEDINGS

12.     Pursuant to 28 U.S.C. §1446(a), the Defendant attaches hereto as **Exhibit B** and incorporates herein by reference, a true and correct copy of all process, pleadings and orders served upon the Defendant on file in Civil Action Number: 27-CV-2017-900032 in the Circuit Court of Dallas County, Alabama.

## NOTICE TO THE STATE COURT

13.     The Defendant will immediately file with the Circuit Court of Dallas County, Alabama, a true and correct copy of this Notice, thereby effecting removal of this action to this Court. As per 28 U.S.C. § 1446(d), no further proceedings shall be had in the Circuit Court of Dallas County, Alabama.

## NOTICE TO PLAINTIFF

14.     Pursuant to 28 U.S.C. § 1446(d), and consistent with the Certificate of Service, the Plaintiff is being provided with a copy of this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Warren Manor respectfully prays that this Court will receive this Notice of Removal, place it upon the docket of this Court, and that the Circuit Court of Dallas County, Alabama will proceed no further in this action unless and until this matter is remanded.

Respectfully submitted this, the 14th day of April, 2017.

SSC SELMA OPERATING COMPANY
LLC D/B/A WARREN MANOR HEALTH
AND  REHABILITATION CENTER

HAGWOOD ADELMAN TIPTON PC

By: */s/Michael E. Phillips* _____
            Michael E. Phillips (PHIL062)
            Hunter C. Carroll (CAR129)

COUNSEL FOR DEFENDANT:

Michael E. Phillips, Esquire
Hagwood Adelman Tipton PC
One LeFleur's Square
4735 Old Canton Road, Suite 111
P. O. Box 14188
Jackson, MS   39236-4188
Telephone: (601) 608-6300
Facsimile:  (601) 362-3642
Email:  mphillips@hatlawfirm.com

Hunter C. Carroll (CAR129)
**Hagwood Adelman Tipton, P.C.**
2000 SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209-1303
Telephone: (205) 380-2208
Direct:  (205) 703-7448
Facsimile: (205) 380-2209
Email: hcarroll@hatlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of April, 2017, the above and foregoing has been served via United States Mail, postage fully prepaid, to the following counsel of record:

Keith McKerall, Esq.
Amanda Schafner, Esquire
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243

The 14th day of April, 2017.

/s/ Michael E. Phillips _____
        Michael E. Phillips (PHIL062)