IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RUBY KINNEY INDIVIDUALLY AND JEANETTE CURRY IN HER CAPACITY AS ATTORNEY-IN-FACT AND NEXT FRIEND OF RUBY KINNEY | ) ) ) ) ) | |
| Plaintiff, | ) | Civil Action No.: 17-159 |
| vs. | ) ) | |
| SSC SELMA OPERATING COMPANY, LLC AND FICTICIOUS PARTY DEFENDANTS A, B, C, and D | ) ) ) ) | |
| Defendants. | ) | |

## SSC SELMA OPERATING COMPANY LLC D/B/A WARREN MANOR HEALTH AND REHABILITATION CENTER'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

**COMES NOW**, SSC Selma Operating Company LLC d/b/a Warren Manor Health and Rehabilitation Center ("Warren Manor"), Defendant herein, by and through counsel, pursuant to Ala. R. Civ. P. 12(b)(6) and 9 U.S.C. §§ 1 et seq. and files this Motion to Dismiss for Lack of Subject Matter Jurisdiction or, alternatively, to Compel Arbitration and Stay Proceedings, and in support thereof, states as follows:

This action involves long-term care provided to the Plaintiff, Ruby Kinney, while a resident at Warren Manor, a long-term care facility located in Selma, Alabama. Specifically, the Plaintiff alleges that the Warren Manor committed acts and/or omissions that constituted a breach of the standard of care and negligent treatment of the Plaintiff while she was a resident at Warren Manor.

1

*See Complaint*, attached as **Exhibit A**. However, the Plaintiff's Complaint fails to state a claim upon which relief can be granted, and her claims are bound to arbitration.

When the Plaintiff was admitted to Warren Manor, her daughter, Jeanette Curry, signed a valid and enforceable Dispute Resolution Program ("DRP") document on June 12, 2015. *See Dispute Resolution Program*, attached hereto as **Exhibit B**. Importantly, the DRP contains an express agreement to arbitrate any claims arising from Ms. Kinney's residency at Warren Manor. *Id*.

Under Alabama law, "the party seeking to compel arbitration must prove (1) the existence of a contract calling for arbitration and (2) that the contract 'is a contract evidencing a transaction involving commerce within the meaning of the Federal Arbitration Act (FAA).'" *Unum Life Ins. Co. of Am. v. Wright*, 897 So.2d 1059, 1080 (Ala. 2004) (*quoting Hudson v. Outlet Rental Car Sales, Inc.*, 876 So.2d 455, 457 (Ala. 2003) (internal quotes omitted)).

First, the DRP is a valid and enforceable contract calling for arbitration. Jeanette Curry had the authority to bind the Plaintiff to the DRP when she signed it at the facility. *See* Exhibit B. Furthermore, Plaintiff's claims are within the scope of the arbitration agreement, which defines a "dispute" as "any claim or dispute totaling $50,000.00 individually or in the aggregate that would constitute a cause of action that either party could bring in a court of law[.]" *Id*. at 4.

Second, the arbitration agreement affects interstate commerce. In order to provide services to the Plaintiff, Warren Manor engaged in numerous transactions in interstate commerce. *See Affidavit of Antoine, Administrator of Warren Manor*, attached as **Exhibit C**. Therefore, the FAA governs this arbitration agreement.

The Plaintiff's claims must be arbitrated. If this action is not dismissed outright and the Plaintiff's claims are referred to arbitration, this action must be stayed pending the outcome of the arbitration. Further, the trial court's order compelling arbitration cannot compel the parties to

conduct arbitration in a manner inconsistent with the arbitration agreement. *Don Drennen Motor Co., Inc. v. McClung*, 79 So.3d 593, 596 (Ala. 2011). The DRP provides that the FAA governs the arbitration, and the FAA, in turn, provides that when claims are compelled to arbitration, the court shall stay the action until the arbitration is conducted pursuant to the terms of that agreement. 9 U.S.C. § 3.

Because the DRP is a valid and enforceable agreement to arbitrate, the Plaintiff's claims are within the scope of that agreement, and the DRP involves interstate commerce, the Plaintiff's claims must be arbitrated. Therefore, this action must be dismissed or, if not dismissed, compelled to arbitration and stayed pending the arbitration.

**WHEREFORE PREMISES CONSIDERED,** Warren Manor respectfully requests that the Court enter an order dismissing the Plaintiff's Complaint or, in the alternative, compelling arbitration and referring this case to arbitration as contemplated by and agreed to in the Dispute Resolution Program between Warren Manor and the Plaintiff. Warren Manor further requests that this action be stayed until such time as the action is referred to arbitration.

Respectfully submitted this, the 18th day of April, 2017.

>SSC Selma Operating Company LLC d/b/a
>Warren Manor Health and Rehabilitation
>
>HAGWOOD ADELMAN TIPTON PC
>
>By: */s/ Michael E. Phillips*
>     Michael E. Phillips (PHIL062)

COUNSEL FOR DEFENDANT:

Michael E. Phillips, Esquire
Hagwood Adelman Tipton PC
One LeFleur's Square
4735 Old Canton Road, Suite 111
P. O. Box 14188
Jackson, MS   39236-4188
Telephone: (601) 608-6300
Facsimile:  (601) 362-3642

Email: mphillips@hatlawfirm.com


Hunter C. Carroll (CAR129)
**Hagwood Adelman Tipton, P.C.**
2000 SouthBridge Parkway, Suite 601
Birmingham, Alabama 35209-1303
Telephone: (205) 380-2208
Direct:  (205) 703-7448
Facsimile: (205) 380-2209
Email: hcarroll@hatlawfirm.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 18th day of April, 2017, the above and foregoing has been served via United States Mail, postage fully prepaid, to the following counsel of record:

Keith McKerall, Esq.
Amanda Schafner, Esquire
BURKE HARVEY, LLC
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243

The 18th day of April, 2017.

/s/ Michael E. Phillips
Michael E. Phillips (PHIL062)