# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **RUBY KINNEY,** | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 17-00159-B |
| | * |
| **SSC SELMA OPERATING COMPANY, LLC.,** | * |
| | * |
| Defendant. | * |

## ORDER

This action is before the Court on Defendant SSC Selma Operating Company, LLC's Motion to Dismiss and in the Alternative, Motion to Compel Arbitration (Doc. 4). Upon consideration, the motion is **granted**, in part, and **denied**, in part.

Plaintiff filed this action alleging various claims related to her treatment while a resident at Warren Manor. Defendant SSC Selma Operating Company, LLC d/b/a Warren Manor filed the instant motion and asserts that Plaintiff's claims are covered under a valid and enforceable dispute resolution agreement. (Docs. 4, 4-2). Defendant contends that the agreement affects interstate commerce and is governed by the Federal Arbitration Act. In Plaintiff's response (Doc. 9), she acknowledges that her claims are covered by the arbitration agreement and advises that counsel for the parties have conferred and agree that

Plaintiff's claims should be sent to arbitration and that this case should be stayed pending arbitration.

Upon consideration of the parties' submissions, the undersigned hereby grants Defendant's Motion to Compel Arbitration. Plaintiff's claims are hereby referred to arbitration in accordance with the parties' arbitration agreement. (Doc. 4-2). The undersigned hereby denies Defendant's Motion to Dismiss and stays this action pending arbitration. See Campbell v. Pilot Catastrophe Servs., Inc., 2010 U.S. Dist. LEXIS 85173, 2010 WL 3306935, *7 (S.D. Ala. Aug. 19, 2010)("[w]here a plaintiff initiates litigation without satisfying arbitration requirements, courts routinely stay rather than dismiss the proceedings to allow for implementation of the agreed-upon dispute resolution mechanism.").

Notwithstanding the determination that Plaintiff's claims must be arbitrated, this Court retains jurisdiction to confirm or vacate the resulting arbitration award under 9 U.S.C. §§ 9-10. TranSouth Financial Corp. v. Bell, 149 F. 3d. 1292, 1297 (11th Cir. 1998). To enable this Court to monitor this action as it wends through the arbitration process, the parties are ordered to file every six months, beginning **October 26, 2017,** a joint written report reflecting the status of the arbitration proceedings.

**DONE** this **25th** day of **April, 2017.**

                                                **/S/ SONJA F. BIVINS**
                                      **UNITED STATES MAGISTRATE JUDGE**